UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1194
_____

ERIC REDMAN,
                            Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-18-cv-00044)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2018

Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: April 4, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Eric Redman, a federal prisoner currently confined at USP Lewisburg, appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for habeas corpus under 28 U.S.C. § 2241. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2001, Redman pleaded guilty in the United States District Court for the District of Columbia to offenses under both federal law and D.C. law. He appealed, and the D.C. Circuit dismissed the appeal, concluding that Redman had waived the challenge he sought to raise. See United States v. Redman, 331 F.3d 982, 988 (D.C. Cir. 2003). In 2016, Redman filed a motion under 28 U.S.C. § 2255. D.D.C. Cr. A. No. 00-cr-0198. He alleged that the District Court had lacked jurisdiction over the offenses charged under the D.C. Code. The District Court denied the motion, concluding that it was barred by AEDPA's one-year limitations period. Redman did not appeal.

Redman then filed the petition under § 2241 that is at issue in this appeal. He reasserted the jurisdictional argument that he raised in his § 2255 motion and argued that he should be able to raise the claim under § 2241. The District Court dismissed the petition, concluding that Redman's claim could be raised only in a § 2255 motion.

2

Redman then filed a timely notice of appeal. He has also asked for the appointment of counsel.

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. This exception is narrow and applies in only rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017).

Redman argues that this exception applies here. He contends that AEDPA's one-year limitations period—which prevented the District Court for the District of Columbia from ruling on the merits of his claim—represents the type of "limitation of procedure" that makes § 2255 inadequate or ineffective. This argument is foreclosed by our case law. See Cradle, 290 F.3d at 539 ("Section 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired[.]").

Accordingly, we will summarily affirm the District Court's judgment. Redman's motion for appointment of counsel is denied.